**-POOR QUALITY ORIGINALS ATTACHED-**

FILED - GR
May 1, 2007 1:53 PM
RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:___/MB___/_____

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| **Casey Haarsma**, | ) | |
| | ) | |
| Plaintiff, | ) | **1:07-cv-435** |
| | ) | |
| v. | ) Hon. | **Robert Holmes Bell** |
| | ) | **Chief, US District Judge** |
| **Palisades Collection, L.L.C.**, | ) | |
| a Delaware limited liability company, | ) | |
| | ) | |
| Defendant. | ) | |

**Complaint**

**I.     Introduction**

1.     This is an action for damages and declaratory relief, brought by a consumer against a debt collector in response to the debt collector's violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Michigan Collection Practices Act ("MCPA"), M.C.L. § 339.901 *et seq.*

**II.    Jurisdiction**

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331.  This Court has supplemental jurisdiction regarding plaintiffs' state law claims under 28 U.S.C. § 1367.  Declaratory relief is available pursuant to 28 U.S.C. § 2201.  Venue in this judicial district is proper because the pertinent events took place here.

**III.   Parties**

3.     Plaintiff Casey Haarsma is a natural person residing in Ottawa County, Michigan. Mr. Haarsma is a "consumer" as the term is defined and used in the FDCPA.  Mr. Haarsma is a

1

"consumer" and a "debtor" as the terms are defined and used in the MCPA

4.	Defendant Palisades Collection, L.L.C. ("Palisades") is a Delaware limited liability company, believed to be headquartered in Englewood Cliffs, New Jersey. The registered agent for Palisades in Michigan is The Corporation Company, 30600 Telegraph Road, Bingham Farms, Michigan 48025. Palisades is a "debt collector" under the FDCPA. Palisades is a "collection agency" and a "licensee" under the MCPA.

### IV.	Facts

5.	Many, many years ago, Mr. Haarsma had service with Verizon North, Inc. ("Verizon"), Account No. 2318536049871125. Mr. Haarsma used the Verizon account for personal, family and/or household purposes. Any debt that Mr. Haarsma may have incurred in connection with the Verizon account was a "debt" as the term is defined and used in the FDCPA and MCPA.

6.	Any debt that Mr. Haarsma may have had with Verizon in connection with the account was paid years ago. Mr. Haarsma owes nothing in connection with the Verizon account. Mr. Haarsma has repeatedly and consistently disputed the debt.

7.	Palisades is in the business of purchasing delinquent consumer debts, often for only a few pennies on the dollar. Palisades and its agents attempt to collect the debts purchased by Palisades.

8.	Palisades purchased the Verizon debt allegedly owed by Mr. Haarsma. Palisades purchased the debt after the account was in default.

9.	In or about October of 2006, Palisades hired a company named Allied Interstate, Inc. ("Allied") to collect the debt from Mr. Haarsma. Allied was the agent of Palisades.

10. By letter dated October 7, 2006, Allied wrote Mr. Haarsma and stated that Allied had been hired by Palisades to collect the debt. Allied demanded payment of the debt. A copy of the letter is attached hereto as Exhibit A.

11. On January 22, 2007, and in response to Allied's efforts to collect the debt on behalf of Palisades, Mr. Haarsma filed a lawsuit against Allied in the United States District Court for the Western District of Michigan, Case No. 1:07-cv-60, stating that the debt was disputed and alleging violations of the FDCPA and MCPA.

12. Mr. Haarsma was represented in the lawsuit by an attorney.

13. On January 24, 2007, Allied was served with the Complaint.

14. Allied had knowledge that Mr. Haarsma was represented by an attorney with respect to the Verizon debt. Allied knew, or could readily ascertain, the name and address of Mr. Haarsma's attorney.

15. Palisades had knowledge that Mr. Haarsma was represented by an attorney with respect to the Verizon debt. Palisades knew, or could readily ascertain, the name and address of Mr. Haarsma's attorney.

16. Allied, after being sued by Mr. Haarsma, returned the Verizon account to Palisades.

17. In or about April of 2007, Palisades hired yet another company, named Wolpoff & Abramson, L.L.P., ("Wolpoff") to collect the debt from Mr. Haarsma. Wolpoff was the agent of Palisades.

18. By letter dated April 25, 2007, Wolpoff wrote Mr. Haarsma and stated that Wolpoff had been hired by Palisades to collect the debt. Wolpoff demanded payment of the debt.

A copy of the letter is attached hereto as Exhibit B.

19. Palisades, through its agent Wolpoff, communicated directly with Mr. Haarsma in connection with the collection of the Verizon debt, even though Palisades had knowledge that Mr. Haarsma was represented by an attorney with respect to the Verizon debt, and even though Palisades knew, or could readily ascertain, the name and address of Mr. Haarsma's attorney.

20. The FDCPA states in pertinent part, "a debt collector may not communicate with a consumer in connection with the collection of any debt . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address . . . ." 15 U.S.C. § 1692c(a)(2).

21. The unlawful debt collection methods, acts and practices of Palisades were willful. The violations of the FDCPA and MCPA by Palisades were willful.

22. As an actual and proximate result of the acts and omissions of Palisades, Mr. Haarsma has suffered actual damages and injury, including but not limited to, mental anguish, emotional stress, and suffering for which he should be compensated in an amount to be established by jury and at trial.

**V.     Claims for Relief**

**Count 1– Fair Debt Collection Practices Act**

23. Plaintiff incorporates the foregoing paragraphs by reference.

24. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

    a)  Defendant violated 15 U.S.C. § 1692c(a)(2) d by communicating with plaintiff in connection with the collection of a debt even though defendant knew that plaintiff

4

was represented by an attorney with respect to the debt and had knowledge of, or could readily ascertain, the attorney's name and address;

b) Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and abuse plaintiff in connection with the collection of a debt; and

c) Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that defendant's practices violate the FDCPA; and

e) Such further relief as the court deems just and proper.

### Count 2– Michigan Collection Practices Act

25. Plaintiff incorporates the foregoing paragraphs by reference.

26. Defendant has violated the MCPA. Defendant's violations of the MCPA include, but are not necessarily limited to, the following:

a) Defendant violated M.C.L. § 339.915(h).

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to M.C.L. § 339.916(2);

b) Treble the actual damages pursuant to M.C.L. § 339.916(2);

c) Statutory damages pursuant to M.C.L. § 339.916(2); and

d)      Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

**Demand for Trial by Jury**

Plaintiff hereby demands trial by jury.

Dated: May 1, 2007

*/s/ Phillip C. Rogers*
Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503
(616) 776-1176
ConsumerLawyer@aol.com